# IN THE COURT OF APPEALS OF IOWA

No. 20-1521
Filed January 21, 2021

**IN THE INTEREST OF C.W., B.W., and I.W.,
Minor Children,**

**C.W., Father,**
 Appellant.
_____

 Appeal from the Iowa District Court for Woodbury County, Mark C. Cord III,

District Associate Judge.

 A father appeals the termination of his parental rights. **AFFIRMED.**

 Douglas L. Roehrich, Sioux City, for appellant father.

 Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

 Joseph W. Kertels of Juvenile Law Center, Sioux City, attorney and

guardian ad litem for minor children.

 Considered by Bower, C.J., and Doyle and Mullins, JJ.

**BOWER, Chief Judge.**

A father appeals the termination of his parental rights. Because termination of the father's parental rights is in the children's best interests, we affirm.

C.D.W. is the legal father of B.W., born in 2015, C.W., born in 2017, and I.W., born in 2019.[1]

The father has a long history of drug use, violence, and criminal activity. The family was involved with the department of human services (DHS) from December 2015 through March 2017 based on the mother's marijuana use. The father was incarcerated or in a residential treatment facility from September 2015 until February 2017, when he was released on parole.

In May 2017, the father was sentenced to probation for a 2015 burglary offense. The father consumed alcohol, was involved in domestic violence with the mother, accrued multiple vehicle offenses, and tested positive for methamphetamine use during his probation and parole supervision.

In January 2018, a new DHS investigation began, which resulted in child-in-need-of-assistance (CINA) petitions filed for the older two children in March 2018. The father stipulated to the adjudication.

The father tested positive for methamphetamine in February 2018 and his parole was revoked; he returned to the residential treatment facility. The father completed the treatment program and was released to the family's home in November 2018. In December, the father relapsed on methamphetamine and DHS told him to move out of the home. He continued using methamphetamine

---

[1] C.D.W. married A.W. in 2015. A.W. gave birth to all three children during the marriage. The mother's rights have not been terminated.

throughout January 2019 and entered a treatment program on January 30. He was successfully discharged in May and returned to the home.

In July, the mother tested positive for marijuana while pregnant with I.W. Two days after birth, a CINA petition was filed for the youngest child, and the parents stipulated to the adjudication. The children were removed from the mother's custody and in August were placed in the father's custody in the family home.

On November 16, law enforcement responded to a call from the mother reporting the father pushed her while in the oldest child's presence. Law enforcement found a shotgun, a ballistic vest, and methamphetamine in the home. The father was arrested on multiple charges, and he has remained incarcerated since. He admitted to using methamphetamine, and the older two children tested positive for methamphetamine.

All three children were removed from the father's custody on November 19.

On June 9, 2020, the State filed a petition to terminate the father's parental rights to all three children. On July 13, the father participated in the termination hearing telephonically from jail. On November 4, the court terminated the father's parental rights.

The father appeals. He does not contest any of the grounds for termination. Instead, the father asserts termination of his parental rights is not in the best interests of the children and the children would not be harmed by allowing him time to complete his sentence and reunify with them.

"Our review in proceedings to terminate parental rights is generally de novo." *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). In evaluating whether

termination is in the children's best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (citations omitted). Parenting "must be constant, responsible, and reliable." *Id.* at 777 (citation omitted).

The father has spent the entirety of all three children's lives either incarcerated or under probation and parole supervision. At the time of the termination hearing, he was incarcerated and facing multiple-year sentences in both state and federal court. His parenting has not been consistent, responsible, or reliable. Moreover, during the periods of time he was living with the children, he committed acts of domestic violence against the mother in the children's presence, violated his probation and parole, committed other criminal acts, and relapsed multiple times on methamphetamine.

The juvenile court observed, "Professions by parents of love or other well-meaning expressions of future intentions ring hollow when parents lack the maturity to control their own lives and put the care of the child in the proper perspective." We agree. The father has had five years to show he could be a consistent, responsible, and reliable parent, but he has been unable or unwilling to demonstrate any of those characteristics.

Termination of the father's parental rights is in the best interests of the children.

**AFFIRMED.**